UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN D. CALDWELL,

        Plaintiff,

                                            Case number 05-74270

v.

                                            Honorable Julian Abele Cook, Jr.
COMMISSIONER OF SOCIAL SECURITY,      Magistrate Judge Donald A. Scheer

        Defendant.
_____

## ORDER

In this lawsuit, the Plaintiff, Lynn D. Caldwell ("Caldwell"), challenges a denial of Social Security disability insurance benefits by the Defendant, Commissioner of Social Security ("Commissioner"). Relying upon the provisions of Rule 56 of the Federal Rules of Civil Procedure, Caldwell and the Commissioner have filed separate motions for summary judgment, with each party proclaiming that there are no genuine issues of a material fact to be resolved by the Court in this legal proceeding.

On October 17, 2006, Magistrate Judge Donald Scheer, to whom these two dispositive motions had been submitted for an evaluation, produced a report in which he recommended that the Court (1) grant the Commissioner's motion for summary judgment, and (2) deny Caldwell's application for dispositive relief. Objections to this report and recommendation were timely filed by Caldwell and are now before this Court for its consideration and evaluation.

I.

Caldwell filed an application for Social Security disability insurance benefits on September 14, 2001, alleging that he had become disabled and unable to work on July 1, 2000

at age of 40 due to eczema dermatitis, seizure activity, pancreatitis, rheumatoid arthritis and extreme anxiety. After the Social Security Administration (SSA) denied his application for benefits, Caldwell obtained a hearing before an administrative law judge on February 6, 2004.

In a decision on February 26, 2004, the administrative law judge concluded that Caldwell's identified impairments prevented him from walking and standing for prolonged periods of time, that he could not repetitively perform any climbing, crawling, stooping, squatting or kneeling, and that he should not be exposed to moving machinery or unprotected heights. The administrative law judge also opined that Caldwell's employment capacities were limited to those simple tasks which should not expose him to polluted air environments or temperature extremes. Nevertheless, it was the view of the administrative law judge that Caldwell had retained the residual functional capacity to perform a limited range of light work which would provide for a sit-stand option. As a result, the administrative law judge concluded that Caldwell, although impaired as a result of eczema dermatitis, pancreatitis, along with a history of seizures and mental depression, did not have an impairment or a combination of impairments which were sufficiently severe enough to meet or equal the listing of impairments. Hence, it was the final decision of the administrative law judge that Caldwell was not disabled, as that term is used and interpreted by the SSA.

II.

The final decision of the Commissioner is reviewed by a district court to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence" is considered to be more than a scintilla but less than a preponderance. *Richardson v. Perales,* 402 U.S.C. 389, 401 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Supreme Court, in *Richardson*, stated: "It means such reasonable evidence as a reasonable mind

might accept as adequate to support a conclusion." *Kirk v. Secretary of Health and Human Services,* 667 F. 2d 524, 535 (6th Cir. 1981). Accordingly, "findings based on the credibility of the applicant are to be accorded great weight and deference," and should not be disturbed. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Additionally, the court must evaluate the administrative record as a whole. *Walker v. Secretary of Health and Human Services*, 884 F. 2d 241, 245 (6th Cir. 1989).

### III.

In his appeal to this court, Caldwell contends that substantial evidence does not exist on the record which supports the determination of the administrative law judge that he is capable of performing a limited range of light work activity. In particular, he argues that the administrative law judge's opinion was deficient for failing to adequately address whether his eczema met the minimum requirements for a listing level skin impairment under Section 8.05 (20 C.F.R. Pt. 404, Subpt P, App. 1 § 8.05(C)(1)(2006)). Caldwell also contends that the administrative law judge's residual functional capacity assessment did not adequately portray his emotional limitations.

In order for Caldwell's skin disorder to qualify as a disability for the purposes of Social Security benefits, it must satisfy the definition in Section 8.05, which states that a claimant is presumptively disabled if he or she experiences "extensive lesions that persist for at least three months despite continuing treatment as prescribed." 20 C.F.R. Pt. 404, Subpt P, App. 1`, § 8.05 (2006). Caldwell argues - without legal authority - that the failure of the administrative law judge to mention Section 8.05 in his decision requires this Court to remand the case for further consideration.

Although the Sixth Circuit Court of Appeals has not spoken directly on this issue, the

Seventh and Ninth Circuit Courts of Appeal have declined to hold that the failure of an administrative law judge to cite a potentially relevant listing necessitates a remand. *Gonzalez v. Sullivan,* 914 F.2d. 1197, 1200-1201 (9th Cir. 1990), *Rice v. Barnhart*, 384 F. 3d 363, 370 (7th Cir. 2004). In 1990, the Ninth Circuit Court of Appeals stated:

> It is unnecessary to require the Secretary, as a matter of law, to state why a claimant failed to satisfy every different section of the listing of impairments. The Secretary's four page "evaluation of the evidence" is an adequate statement of the "foundations on which the ultimate factual conclusions are based." To require the ALJ's to improve their literary skills in this instance would unduly burden the social security disability process.

*Gonzalez* at 1200-1201.

In the case before this Court, the administrative law judge included an appropriate discussion of Caldwell's skin disorder before concluding that Caldwell could "obtain good, if not total, relief from prescribed medications when taken as instructed." Tr. at 21. The record did not document any skin condition which seriously interfered with Caldwell's joint motion or his ability to perform fine and gross motor movements. Hence, the Court concludes that (1) the findings by the administrative law judge (namely, Caldwell's skin disorder did not qualify as a disability) were supported by substantial evidence, and (2) the failure of the administrative law judge to specifically refer to listing 8.05 does not require a remand of this case to the SSA.

Caldwell also submits that the administrative law judge's residual functional capacity assessment did not adequately portray the limitations of his emotional condition. However and contrary to Caldwell's position on this issue, the finding by the administrative law judge (namely, the proffered evidence of periodic depression would not interfere with his ability to engage in a wide range of simple, unskilled jobs) was supported by the evidence on the record. Thus, the Court concludes that the administrative law judge correctly determined that Caldwell was not disabled.

Finally, Caldwell reasserts his earlier position (namely, the administrative law judge incorrectly determined that he is able to perform light work). During the hearing, a vocational expert testified that there were a number of unskilled assembly and inspection jobs that Caldwell could perform with only a minimal vocational adjustment. These jobs include a sit-stand option and do not require repetitive climbing of ladders, crawling, stooping, squatting or kneeling. Given the objective clinical findings of the examining physicians of record, there is substantial evidence on the record, with which to support the view that Caldwell has retained the residual functional capacity for a restricted range of light work activity.

IV.

As a result of its review of the official record in this case, the Court is satisfied that the administrative law judge's decision to deny Caldwell's application was supported by substantial evidence. Hence, and for the reasons that have been stated above, the Court will, and does, (1) adopt the recommendation of the magistrate judge, (2) grant the Commissioner's motion for summary judgment, and (3) deny Caldwell's request for similar relief.

IT IS SO ORDERED.

Dated: March 2, 2007  
      Detroit, Michigan

s/ Julian Abele Cook, Jr.  
JULIAN ABELE COOK, JR.  
United States District Court Judge

Certificate of Service

      I hereby certify that on March 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                            s/ Kay Alford
                                                            Courtroom Deputy Clerk